IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, # 227826, <br> *a/k/a Robert Koon a/k/a Robert H. Koon*, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. Attorney General Loretta Lynch, <br> Chief Justice Jean Toal, and <br> S.C. Attorney General Alan Wilson, <br> all in their official capacities, <br><br> Defendants. | C/A No.: 4:15-2349-DCN-TER <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Robert Holland Koon ("Plaintiff" or "Koon"), proceeding pro se and in forma pauperis, brings this civil action against Defendants. Pursuant to the provisions of 28U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.The review has been conducted in light of the following precedents: Neitzke v. Williams,490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404U.S. 519 (1972); and Gordon v. Leeke,

1

574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i),(ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint may be subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff, who is currently incarcerated at Lieber Correctional Institution of the South Carolina Department of Corrections, appears to file the instant action pursuant to 28 U.S.C. 2201

2

and 42 U.S.C.§ 1983.[1] See. Doc. # 1, at 1-4. Plaintiff has named the following as Defendants: U.S. Attorney General Loretta Lynch, Chief Justice Jean Toal, and S.C. Attorney General Alan Wilson, all in their official capacity.[2] Plaintiff indicates that he believes he "is entitled to a "full and fair" due process hearing 1) to address issues of (A) fabrication of evidence by police (G.P.D.) (B) prosecutorial misconduct by solicitor (C) Juror misconduct/judicial misconduct (D) denial of counsel (E) involuntary plea (F) conspiracy by counsel to violate civil rights, to address a continuing violation of due process/access to courts (KKK Act) in order to define the legal rights of Plaintiff to a 'Full and fair hearing' on above issues and obligations of defendants to provide (1) said full and fair hearing in the future and so defendants can conform their conduct to avoid future litigation." Doc. # 1 at 3). He asserts that Defendant Lynch "has jurisdiction to prosecute this case;" and that Defendant Alan Wilson, has the authority to "convene a full and fair hearing based upon issues of fabricated evidence, prosecutorial misconduct, juror/judicial misconduct, involuntary plea, and denial of counsel." (Doc. # 1 at 5). Plaintiff indicates that he believes that Chief Justice Toal is the individual "who can order a full and fair hearing" on all of the issues he raises. (Doc. # 1 at 5). Essentially, it appears that Plaintiff is dissatisfied with the investigation, prosecution, and outcome of past state court criminal cases[3] and he seeks to have this Court issue a declaratory judgement that he is entitled to a hearing which he believes should be instituted by the delineated defendants. See

---

[1] Plaintiff also cites to 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 28 USC 2283. (See Doc. # 1 at 3-5).

[2] Plaintiff references a number of individuals in his Complaint, but indicates that they are not named as Defendants. (Doc. # 1, at 6).

[3] Plaintiff references a 1986 guilty plea (Doc. # 1, p. 9) and a 1998 conviction (Doc. # 1, p. 10).

3

generally, Doc. # 1. Following close review of the allegations contained in the Complaint in this case, which was docketed by the Court on June 11, 2015, it is clear that this case is duplicative of Civil Action No.4:15-2107-DCN-TER, which was docketed by the Court on May 27, 2015. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Accordingly, Plaintiff's Complaint should be dismissed without prejudice and without service of process for the same reasons set forth in the Report and Recommendation in Case 4:15-2107-DCN-TER.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 28, 2015  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).